UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


**COLIN K. CLINE,**

    Plaintiff

v.                                Civil Action No.: 2:05-0959

**NORTH CENTRAL LIFE INSURANCE COMPANY,**
a Minnesota corporation and subsidiary
of American International Group, Inc.,
**UNITED STATES LIFE INSURANCE COMPANY
IN THE CITY OF NEW YORK,** a New York
corporation and subsidiary of American
International Group, Inc., **AMERICAN
GENERAL ASSURANCE COMPANY,** an Illinois
corporation and subsidiary of American
International Group, Inc., **BRANCH
BANKING & TRUST COMPANY,** a North
Carolina corporation and successor to
Matewan National Bank, and **HELEN COLLINS,**
Branch Manager of Branch Banking & Trust
Company's Williamson, West Virginia branch,

    Defendants


<u>MEMORANDUM OPINION AND ORDER</u>


This matter is before the court on the motion of defendant Helen Collins, filed December 30, 2005, to dismiss the amended complaint. Collins argues that the action against her should be dismissed based on three "separate and independent" reasons grounded in Rule 12(b)(4) through (6) of the Federal Rules of Civil Procedure: 1) the amended complaint contains no

allegations of wrongdoing on her part and thus fails to state a claim upon which relief can be granted; 2) service of process was insufficient inasmuch as it was effected through a certified letter originating from the Mingo County, West Virginia, Circuit Clerk's Office subsequent to the removal of the case to this court; and 3) process itself was insufficient because it was issued by the Circuit Clerk of Mingo County rather than by the Clerk for the United States District Court for the Southern District of West Virginia.  Plaintiff has filed no response to defendant's motion to dismiss.

  Plaintiff initiated this action with the filing of his complaint in the Circuit Court of Mingo County, West Virginia on November 4, 2005, and he filed an amended complaint with that court on November 22, 2005.  Ms. Collins, a managerial employee of Branch Banking & Trust Company ("BB&T"), was first named as a defendant with the filing of the amended complaint.  Collins attaches as an exhibit to her motion a copy of the summons directed to her and issued by the Circuit Clerk of Mingo County on November 29, 2005.  Defendants removed the action to this court on December 6, 2005.  Collins says that she was served with the complaint by certified mail on December 9, 2005, three days after the action was removed to this court.  Defendant BB&T filed

an answer to the amended complaint with this court on December 19, 2005, but no answer has been filed on behalf of Collins.

> 28 U.S.C. § 1448 provides:
>
> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.
>
> This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.

This section would seem to allow for completion after removal of service of state court process issued prior to removal. Listle v. Milwaukee County, 926 F.Supp. 826, 827 (Dist. Wis. 1996)("The fact that the statute contemplates completion of service or process begun prior to removal conflicts with [defendant's] assertion that all service or process which is not perfected as of removal must be issued anew pursuant to Rule 4, Federal Rules of Civil Procedure"); but see Beecher v. Wallace, 381 F.2d 372, (9th Cir. 1967)( Where a defendant "has never been put on notice of the state court proceeding prior to removal . . . the federal court cannot 'complete' the state process by permitting it to be served after removal").

3

In any event, failure of service does not compel dismissal.  Because the statute provides that "such process or service may be completed or new process issued in the same manner as in cases originally filed" in federal court, the court may retain jurisdiction over the action and direct plaintiff to re-serve defendant as permitted by Rule 4 of the Federal Rules of Civil Procedure.  <u>Freight Terminals, Inc. v. Ryder Sys., Inc.</u>, 461 F.2d 1046, 1052 (5th Cir. 1972); <u>Howse v. Zimmer Mfg. Inc.</u>, 109 F.R.D. 628, 631 (D. Mass. 1986) ("It serves no useful purpose for a court to dismiss a case, only to have it refiled and re-served, unless it is clear that service cannot ever be effectively made"); Wright & Miller, Federal Practice and Procedure, C. 3 § 1082 ("[T]he defendant can obtain dismissal . . . only when the original service in the state court was improper, and the plaintiff finds it impossible to perfect service under Rule 4 after removal").

Defendant Collins has not asserted that the process or the service thereof was not compliant with the state rules under which it was issued, and it does not appear that the process served was defective.  Further, it is apparent that defendant Collins received actual notice of the filing of the complaint three days after removal inasmuch as she has admitted to having

received the summons and complaint by certified mail on December 9, 2005.  Under these circumstances, the court will not dismiss the complaint against Collins under Rules 12(b)(4) and (5).

In considering the propriety of a Rule 12(b)(6) motion, the court must determine whether the complaint, accepting the allegations as true, allows a recovery.  Hospital Building Co. v. Rex Hospital Trustees, 425 U.S. 738, 746 (1976); Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994); Waterford v. Citizens' Assoc. v. Reilly, 970 F.2d 1287, 1290 (4th Cir. 1992).  Such motions "should be granted only in very limited circumstances."  Rogers  v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).  A Rule 12(b)(6) motion requires the court to accept the factual allegations in the complaint and construe them in the light most favorable to the non-moving party.  See, e.g., Mylan Laboratories Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993), cert. denied, 510 U.S. 1197 (1994).  Rule 12(b)(6) motions should be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  De Sole v. United States, 947 F.2d 1169, 1177 (4th Cir. 1991) (quoting Coakley & Williams, Inc. v. Shatterproof Glass Corp., 706 F.2d 456, 457 (4th Cir. 1983)).  A review of the amended complaint reveals the

5

following sole allegation against defendant Collins, contained in the untitled Count IV: "Helen Collins, as [b]ranch [m]anager of BB&T's Williamson, West Virginia [b]ranch, was responsible for the acts or omissions of employees under her supervision."  (Am. Compl. ¶ 66.)

Plaintiff's claims arise from the November 6, 2003, repossession, by Matewan National Bank[1], of a 1998 Jeep Cherokee for which he had secured financing on September 8, 1998, from Matewan National, now a BB&T branch over which Collins is manager.[2]  Plaintiff alleges that he purchased disability insurance coverage from an employee of Matewan National, who also was acting as an agent for North Central Life Insurance Company, at the time that he obtained financing.  (Am. Compl. ¶¶ 13-16.) Plaintiff became disabled in July 1999.  (Am. Compl. ¶ 20.)

---

[1]  According to the complaint, BB&T "acquired Matewan Bancshares, Inc. and its subsidiary, the Matewan National Bank" in July 1999.  (Am. Compl. ¶ 10.)

[2]  It is not asserted that Collins was manager at Matewan National prior to the acquisition by BB&T of that entity. Reading the complaint in the light most favorable to plaintiff, the court will assume that she was manager of the bank for the relevant period, including September 8, 1998, the date that plaintiff obtained insurance in tandem with the financing of his vehicle.

6

Though the insurance was intended to cover the monthly payments on plaintiff's loan, plaintiff says, "stop payment" orders were issued on loan payment checks sent to Matewan National by North Central Life in March and April 2001. (Am. Compl. ¶¶ 21-22.) Plaintiff alleges that he subsequently received several notices and various correspondence from agents of BB&T. (Am. Compl. ¶¶ 23-30, 33-35.) It is not apparent that any of the correspondence described by plaintiff was written by employees of Matewan National and, in fact, several letters described by plaintiff originated at other BB&T locations. Plaintiff's vehicle was repossessed by Matewan National on November 6, 2003. (Am. Compl. ¶ 31.) After the repossession and sale of plaintiff's vehicle by BB&T, checks in the amount of $2140.28 and $4655.11 were forwarded by American General Assurance, of which North Central is a subsidiary, to BB&T. (Am. Compl. ¶¶ 8, 32, 39.) BB&T accepted the first check in full satisfaction of plaintiff's account, as there had been a balance owing even after the sale of the vehicle, but withheld the second check from plaintiff for approximately six weeks after it was mailed by American General. (Am. Compl. ¶¶ 35, 40.)

The various counts of plaintiff's complaint impute several acts and omissions to BB&T -- including negligence in its

7

selection of North Central Life as an insurance provider (Am. Compl. ¶ 67, Count IV), failure to monitor the "insurance defendants" (Am. Compl. ¶ 68, Count IV), and violation of the duty of good faith and fair dealing in withholding the final American General check (Am. Compl. ¶¶ 70, 71, Count V) -- but neither these acts nor others seem to involve those employees of Matewan National who would have been under the supervision of defendant Collins. The only act specified by plaintiff that clearly involved an employee of Matewan National was the brokerage of the insurance policy at the time that plaintiff obtained financing for his vehicle, but plaintiff has not asserted that the transaction itself was improper. He avers only that it established a duty by BB&T based on the Matewan National employee's having acted as an agent of the insurance company. Likewise, plaintiff does not appear to challenge the actual repossession of the 1998 Jeep vehicle, calling the repossession "the direct and proximate result" of the acts and omissions of BB&T and the insurance companies. (Am. Compl. ¶ 53.)

     Plaintiff having offered no response to defendant's motion to dismiss, it appears that none of the asserted acts or omissions giving rise to his complaint arose under the watch of Collins. Plaintiff has thus failed to state a claim against

Collins and the claims against her do not survive Rule 12(b)(6) scrutiny.

For the foregoing reasons, it is ORDERED that defendant Helen Collins' motion to dismiss the amended complaint be, and it hereby is, granted with respect to all claims asserted against her.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: May 17, 2006

_____
John T. Copenhaver, Jr.
United States District Judge